UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DARNELL WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-2056 |
| | ) | |
| JACQUELINE M. LACY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se and presently detained at Vermilion County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants Lacy and Roberts in their capacities as the elected State's Attorney and Assistant State's Attorney, respectively, charged him with escape under state law after he allegedly failed to turn himself in at the jail on January 30, 2023. Plaintiff alleges that jail officials told him he had no outstanding warrants and no paperwork indicating he

was supposed to be in custody when he went to turn himself in. Plaintiff alleges that the judge presiding over his other state law criminal cases imposed a harsher sentence because of this charge. Plaintiff makes no allegations against Defendants Meeker and Quick.

*Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from or dismiss claims where federal litigation would interfere with ongoing state criminal proceedings. *Id.* at 44; *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). Online records indicate that Plaintiff's underlying "escape" case is still pending. *See People v. Washington*, No. 2023 CM 35 (Vermilion Cty., Ill.).[1] Plaintiff's criminal case proceedings involve the same set of facts, are judicial in nature, implicate important state interests in enforcing their own laws, and Plaintiff will have an opportunity to present his constitutional issues in that case. The Court sees no reason to allow this case to proceed while Plaintiff's underlying criminal case is still pending.

To the extent that Plaintiff challenges the sentence in his other criminal case, *Heck v. Humphrey*, bars claims when a plaintiff's allegations, if true, would necessarily imply the invalidity of a criminal conviction. 512 U.S. 477, 487 (1994). If they would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. Plaintiff does not allege that his conviction has been overturned.

Assuming *Younger* and *Heck* do not apply, Defendants Lacy and Roberts "are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Plaintiff makes no allegations against Defendants Meeker and Quick, and no plausible inference arises that these individuals were involved in the deprivations Plaintiff alleges. *Vance*

---

[1] Available at: https://www.vercounty.org/circuit_clerk_case_search.htm (last accessed May 10, 2023).

*v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

The Court finds that *Younger* and *Heck* bar any claims that Plaintiff alleges, that Defendants Lacy and Roberts are absolutely immune from any claims that are not barred, and that no plausible inference arises that Defendants Meeker and Quick were personally involved. Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted. The Court ordinarily grants a *pro se* plaintiff an opportunity to amend his or her complaint, but any amendment Plaintiff could make would be futile.

### Plaintiff's Motion for Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions not addressed below are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **Plaintiff's motion [4] is denied.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 18th day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE